UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KATHY MONDA, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 3:19-cv-155 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| WAL-MART, INC., | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER GRANTING DEFENDANT'S RENEWED MOTION TO SEVER PLAINTIFFS' CLAIMS OR, IN THE ALTERNATIVE, TO TRY PLAINTIFFS' CLAIMS SEPARATELY (DOC. 16), INSTRUCTING CLERK AND PARTIES CONCERNING PROCEDURE FOR SEVERANCE, AND DENYING WITHOUT PREJUDICE DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT (DOC. 14)**

---

Pending before the Court are two motions filed by Defendant Wal-Mart, Inc. ("Walmart"): (1) Defendant's Renewed Motion to Sever Plaintiffs' Claims or, in the Alternative, to Try Plaintiffs' Claims Separately (Doc. 16) ("Motion to Sever"), and (2) Defendant's Partial Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 14) ("Motion to Dismiss").[1] Plaintiffs[2] filed separate responses in opposition to both the Motion to Dismiss and the Motion to Sever. (Docs. 18, 20.) Walmart filed separate replies in support of each motion. (Docs. 21, 24.) Following briefing, Plaintiffs also filed a Statement of Recent Ruling. (Doc. 25.) The Motion to Sever and

---

[1] Walmart filed similar motions with respect to the original complaint. The Court found those similar motions to be moot following Plaintiffs' filing of the Amended Complaint (Doc. 10) and Walmart's filing of the motions now before the Court. (*See* 09/10/2019 Notation Order.)
[2] The Plaintiffs in this action are Kathy Monda ("Monda"), Tandi Lee ("Lee"), Jerilynn McKinney ("McKinney"), Beckie Colvin ("Colvin"), Rose Thomas ("Thomas"), Sylvia DeVault ("DeVault"), Gwen Morgan ("Morgan"), and Jody Shearer-Luke ("Shearer-Luke"). These eight women will collectively be referred to as "Plaintiffs."

1

the Motion to Dismiss are fully briefed and ripe for review. (Docs. 14, 16, 18, 20, 21, 24.)

For the reasons discussed below, the Court **GRANTS** the Motion to Sever (Doc. 16), finding that the claims of each of the Plaintiffs must be severed from the claims of the other Plaintiffs.[3] Given this ruling, the Court does not substantively address, and instead **DENIES WITHOUT PREJUDICE**, the Motion to Dismiss (Doc. 14).

### I. BACKGROUND

The Amended Complaint (the "Complaint") contains four claims, each brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, alleging that Walmart discriminated against one or more of the Plaintiffs (all of whom are women) based on their gender:

- Count 1 – Disparate Treatment on the Basis of Pay (brought by all Plaintiffs);

- Count 2 – Disparate Treatment on the Basis of Promotion (brought by Morgan, Shearer-Luke, McKinney, Thomas, and Monda);

- Count 3 – Disparate Impact on the Basis of Pay (brought by all Plaintiffs); and

- Count 4 – Disparate Impact on the Basis of Promotion[4] (brought by Morgan, Shearer-Luke, McKinney, Thomas, and Monda, *i.e.*, the same five women who bring Count 2).

Plaintiffs allege that they are former members of a national class action lawsuit that alleged sex discrimination in pay and promotion by Walmart. In 2011, the United States Supreme Court reversed the district court's order that had certified the proposed nationwide class in that lawsuit. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). Plaintiffs allege that this action stems from *Dukes*, and that they previously filed EEOC charges and Amended EEOC charges. Attached as

---

[3] Due to this result, the Court does not address Walmart's alternative request that the Court order that each Plaintiffs' claims be tried separately. (Doc. 16.)
[4] Although the Complaint actually states that Count 4 is a disparate impact claim on the basis of pay (Doc. 10 at PAGEID # 178), it is clear from the allegations that Count 4 is actually a claim for disparate impact on the basis of promotion.

2

an exhibit to the Complaint is a composite exhibit of their EEOC charges from 2012.

Plaintiffs contend that, throughout its stores in the State of Ohio, Walmart maintained a pattern or practice of gender discrimination in either compensation or promotion, and that the evidence that Walmart engaged in such a pattern is relevant evidence that may be used by each individual plaintiff to support her assertion that Walmart's actions with respect to her own pay or promotion (or both) were driven by gender discrimination. Plaintiffs allege that, in each of Walmart's regions, the compensation and/or promotion policies and practices of Walmart had a disparate impact (not justified by business necessity) on female employees, including the Plaintiffs.

Plaintiffs also allege that Walmart introduced a new pay structure in 2004, that—starting in 2005—Walmart changed how start pay was established for hourly employees, and that—in 2006—Walmart added a cap on the pay permitted for each job class.

Additionally, Plaintiffs allege that stores within Walmart's Ohio regions have common formats, hourly jobs, positions, department structure, and management jobs. Within each region, each individual store has Assistant Managers who supervise staff, and all stores have Store Managers who are in charge of the store. Also within each region, stores are supervised by District Managers, who are responsible for ensuring store compliance with company policies and have authority to make or approve compensation and promotion decisions for hourly employees in the stores within their district. Each region consists of multiple districts that are each headed by a Regional Vice President.

The Complaint also contains paragraphs with allegations concerning each plaintiff individually. (*See* Doc. 11 at ¶¶105-159.) Each of the Plaintiffs worked at different stores from

3

one another and worked at different points in time—and for various lengths of time—during the overarching time frame of 1991 through 2015. With a few exceptions, the Plaintiffs worked in different positions and departments (ranging from Greeter to Pharmacy Technician to Assistant Manager). (*Id.*) Each has different male comparators. (*Id.*) For each separate plaintiff, those paragraphs detail allegedly discriminatory treatment, describing specific incidents when a plaintiff was passed over for a promotion that went to an allegedly less qualified male employee and/or learned that an allegedly similarly-situated male employee was being paid more than she was paid. (*Id.*) Some paragraphs identify a particular plaintiff's supervisor(s) with whom that plaintiff allegedly discussed, or who was involved in, such treatment. (*Id.*)

## II. <u>ANALYSIS</u>

In its Motion to Sever, Walmart asks that this Court sever the claims of each of the Plaintiffs from one another, pursuant to Federal Rule of Civil Procedure 21 ("Rule 21"). In this context, the Motion to Sever involves both Rule 21 (Misjoinder and Nonjoinder of Parties) and Federal Rule of Civil Procedure 20 ("Rule 20") (Permissive Joinder of Parties). It is appropriate to address potential misjoinder of parties at an early stage of the case. *See, e.g., Lovett v. Lucas*, No. 1:08-CV-1253, 2009 U.S. Dist. LEXIS 48536, at *3-5 (N.D. Ohio May 13, 2009); *Reynolds v. Merck Sharp & Dohme Corp.*, No. 3:15-cv-397, 2016 U.S. Dist. LEXIS 72120, at *3 (N.D. Ohio June 2, 2016) ("deferring a ruling [on a motion to sever] does not necessarily promote efficiency"). *Accord:* 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 21.02[3] (2019) ("a party's delay in seeking relief [for misjoinder] may counsel against granting the motion"). The Court finds that this is an appropriate time to address potential misjoinder, and it rejects Plaintiffs' request that the Court defer ruling on the Motion to Sever until a later time (Doc. 18 at PAGEID

4

# 283).

**(1) Joinder and Misjoinder of Parties**

While joinder is generally favored under the federal rules and is liberally permitted (*see, e.g., United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966)), Rule 20 establishes two criteria, both of which must be met, in order for persons to be properly joined in one action as plaintiffs. Fed. R. Civ. P. 20(a)(1); *Scott v. Fairbanks Cap. Corp.*, 284 F. Supp. 2d 880, 887-88 (S.D. Ohio 2003). Specifically, Rule 20(a)(1) states:

> Persons may join in one action as plaintiffs if (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

The first criteria (transactional relatedness) is determined on a case-by-case basis. *Scott*, 284 F. Supp. 2d at 888. "Mere factual similarity is not sufficient to compel joinder." *Id.*

Here, Plaintiffs do not meet Rule 20(a)(1)(A)'s requirement that "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." The claims of each plaintiff do not arise out of the same transaction(s) or occurrence(s). Instead, they have significant differences, including acknowledging that Plaintiffs worked in different Walmart stores, have different male comparators, worked in various positions and departments, and worked at different points in time—and for various lengths of time—during the overarching time frame of 1991 through 2015.[5] *Brown v. Worthington Steel*, 211 F.R.D. 320, 324-25 (S.D. Ohio 2002) (although both the plaintiff and proposed plaintiff alleged that they had been denied promotions because of an overall policy

---

[5] *See* Doc. 11 at ¶¶105-159. Also, as noted above, the Complaint alleges changes in Walmart's pay policies in 2004, 2005, and 2006. Some of the Plaintiffs only worked at Walmart prior to those years; others worked at Walmart only after 2004. (*See, e.g,* Doc. 10 at ¶¶ 105, 111, 117, and 153.)

5

or practice not to promote African-Americans, there was no suggestion in the proposed complaint that the two worked at Worthington Steel during the same time frame, in the same department, at the same job position, or under the same supervisor). As in *Brown*, while Plaintiffs rely on the same legal theories, the allegations in the Complaint are "insufficient to support a conclusion that the right to relief asserted by each plaintiff arises out of the same transaction or occurrence." *Id.* ("litigation of even any purported general policy of defendant … would inevitably focus in detail on the separate work histories of each plaintiff … [thus defeating] the advantages of a single trial") (internal quotation marks omitted); *see also* Fed. R. Civ. P. 20(a)(1)(A).

Accordingly, the Court finds that each of the Plaintiffs were misjoined as plaintiffs with one another. This finding is also in line with other similar lawsuits filed by former class members of the *Dukes* national class action, where courts granted motions to sever that involved similar (if not identical) arguments raised by the parties here.[6] *See, e.g., Bozek v. Wal-Mart Stores, Inc.*, No. 15-cv-10, 2015 WL 3818984 (N.D. Ill. June 17, 2015) (severing claims of all three plaintiffs in sex discrimination lawsuit concerning pay and promotions, where plaintiffs did not sufficiently allege that the discrimination they allegedly suffered was linked to a common transaction or

---

[6] The cases that Plaintiffs rely on in their briefing either support the Court's conclusion or are distinguishable. *E.g., Harper v. Pilot Travel Ctrs., LLC*, No. 2:11-cv-759, 2012 WL 395122 (S.D. Ohio Feb. 7, 2012) (over substantially the same time period, regional manager developed a "hit list" of employees he targeted for termination, all of whom were over 40 years old, and four of the five plaintiffs' names were definitively alleged to be on the "hit list," while the fifth was possibly on the list as well); *Crutcher v. Kentucky*, 961 F.2d 1576 (6th Cir. 1992) (unpublished table opinion) (published in full-text format at 1992 U.S. App. LEXIS 11374) (involved two plaintiffs who were both employed in the same office, alleged that the same decision-maker committed discriminatory acts, and the district court had only granted severance after it granted a motion for a new trial); *Lasa Per L'Industria Del Marmo Societa Per Azioni v. Alexander*, 414 F.2d 143 (6th Cir. 1969) (district court improperly dismissed two cross-claims and third-party complaint where all related to the same project and problems arising out of the marble used to build a city hall); *Pasha v. Jones*, 82 F.3d 418 (6th Cir. 1996) (unpublished table opinion) (published in full-text format at 1996 U.S. App. LEXIS 21326) (alleged wrongdoer's continuous harassment of one of the two plaintiffs constituted the same series of transactions or occurrences from which both plaintiffs' claims arose because the second plaintiff was mistakenly identified by the wrongdoer as the first plaintiff); *Brian v. Wal-Mart Stores, Inc.*, No. 4:14-cv-139, 2015 WL 4620839 (D. Idaho July 30, 2015) (all three plaintiffs worked at the same store and alleged they were either fired or forced to quit due to the conduct of the same person).

occurrence, and they each alleged different time periods of employment, different supervisors, and different adverse actions); *Radtka v. Wal-Mart Stores, Inc.*, No. 19-80153-Civ, 2019 WL 3067946 (S.D. Fla. July 12, 2019) (severing claims of all 34 plaintiffs in sex discrimination lawsuit concerning pay and promotions, where each of the plaintiffs worked at different stores, in different positions, during different time periods, under different policies, and under different supervisors); *Price v. Wal-mart Stores, Inc.*, No. 19-80152-Civ, 2019 WL 3067498 (S.D. Fla. July 12, 2019) (severing claims of all 45 plaintiffs in sex discrimination lawsuit concerning pay, where each of the plaintiffs worked at different stores, in different positions, during different time periods, under different policies, and under different supervisors); *Renati v. Wal-Mart Stores, Inc.*, No. 19-cv-02525, 2019 U.S. Dist. LEXIS 185486, at *8-18 (N.D. Cal. Oct. 25, 2019) (severing claims of all 18 plaintiffs in sex discrimination lawsuit concerning pay and promotions, despite arguments that each plaintiff was injured by the same pattern or practice of discriminatory conduct and that the plaintiffs' claims relied on generally applicable practices and policies, because each plaintiff's claim required an individualized inquiry and, thus, the parties would have to litigate the plaintiffs' claims on an individualized basis).

Given that the first requirement under Rule 20(a)(1) is not met, it is dispositive of the issue and the Court need not consider whether the second requirement is met. FED. R. CIV. P. 20; 4 MOORE'S FEDERAL PRACTICE, § 21.02[1] ("Failure to satisfy either prerequisite for permissive joinder constitutes misjoinder of parties"). While it is true that the Plaintiffs share at least two of the same causes of action (Counts 1 and 3), similar issues of liability alone are not sufficient to meet the requirements under Rule 20(a)(1).

7

### (2) **Remedy and Addressing Venue Concerns**

Rule 21 addresses misjoinder and remedies when parties are misjoined. Among other things, Rule 21 permits a court to sever a misjoined party at any time during a lawsuit, on just terms. The rule states:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claims against a party.

The Sixth Circuit has recognized that "[t]he permissive language of Rule 21 permits the district court broad discretion in determining whether or not actions should be severed." *Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[t]he manner in which a trial court handles misjoinder lies within that court's sound discretion."). This includes, for example, that "dismissal of claims against misjoined parties is appropriate," although the language of Rule 21 provides that misjoining a party is not grounds for dismissing an action entirely. *Michaels Bldg.*, 848 F.2d at 682 (affirming trial court's decision to drop misjoined parties as parties to the lawsuit, without prejudice); *Harris v. Gerth*, No. 08-CV-12374, 2008 U.S. Dist. LEXIS 104921, at * 16-17 (E.D. Mich. Dec. 30, 2008) ("While the misjoinder of parties is not sufficient to dismiss an action as a whole, Fed. R. Civ. P. 21, it can be sufficient to dismiss misjoined parties").

The Court finds that, as misjoined plaintiffs, each of the plaintiffs must proceed with her claims against Wal-Mart in separate actions. Each plaintiff's claims are therefore severed from the other plaintiffs' claims, the claims of all of the Plaintiffs except Monda (the first-named plaintiff) are dismissed without prejudice, and all of the Plaintiffs except Monda will be dropped as parties to this action. *See Bozek*, 2015 WL 3818984, at *3 (directing first-named plaintiff to file an amended complaint within 30 days of order granting motion to sever, and dismissing the

claims of the other plaintiffs without prejudice while directing those other plaintiffs to file separate, individual complaints within 30 days of the order); *Price*, 2019 WL 3067498 at *2 (waiving filing fee for plaintiffs' new actions after granting motion to sever); 4 MOORE'S FEDERAL PRACTICE § 21.02[1] (an order of severance results in separate suits by the parties involved in the misjoined claims, and a court faced with misjoinder may sever claims or dismiss the claims of the misjoined parties, but may not dismiss the entire action). The parties and Clerk are ordered to follow the procedure set forth in the "Conclusion" section below.

Finally, the Court anticipates potential issues regarding the venue for each of the separate actions, and it may end up being appropriate for one or more of the separate actions to be transferred to another district or division. *See* 28 U.S.C. § 1391 (prescribing proper venue); 28 U.S.C. § 1404 (change of venue); 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought"); *Reynolds*, 2016 U.S. Dist. LEXIS 72120, at * 7-11 (severing claims of two plaintiffs and transferring those plaintiffs' actions to different judicial districts); 4 MOORE'S FEDERAL PRACTICE § 21.02[1] ("In appropriate circumstances, … severed claims can be transferred to another venue."), § 21.06[2] ("A claim may not be transferred until it has been severed for the simple reason that until then it is not a separate action subject to transfer"); *Schultz v. Ary*, 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001) (district court may address issue of transfer of venue *sua sponte*).[7]

The Complaint states that the Plaintiffs are residents of a variety of counties throughout the

---

[7] The Court notes that Walmart has not filed any responsive pleading to any of the yet-to-be-filed individualized complaints of each of the Plaintiffs. *See, e.g., Costlow v. Weeks*, 790 F.2d 1486, 1487-88 (9th Cir. 1986) (plaintiff's argument that district court improperly raised issue of venue on its own motion failed where defendants had not yet filed a responsive pleading to the complaint and the time to do so had not yet expired).

state of Ohio,[8] and that Walmart is a Delaware corporation, headquartered in Arkansas, with stores throughout Ohio. (Doc. 10 at ¶¶ 11-19.) Six of the eight plaintiffs—Monda, Morgan, Shearer-Luke, Colvin, Thomas, and DeVault—are residents of counties that fall within the Northern District of Ohio, not the Southern District of Ohio. (*Id.*) The Walmart stores at which each of those six women allegedly worked are likewise within the Northern District of Ohio. (*Id.*)

In the Complaint, in support of their venue allegation, the Plaintiffs collectively alleged that "many of the acts complained of occurred in this judicial district and gave rise to the claims alleged." (*Id*. at ¶ 3.) However, based on the allegations in the Complaint that relate to individual plaintiffs, the Court is skeptical that such an allegation would remain true for each of the Plaintiffs separately. Therefore, as part of the procedure set forth below, the Court orders each of the Plaintiffs (through a written filing) either to show cause why venue would remain appropriate in this judicial district for her claims or identify which judicial district would be the appropriate venue to which this Court should transfer her claims. 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented"); *Reynolds*, 2016 U.S. Dist. LEXIS 72120, at *8 ("the district courts are vested with broad discretion in determining when party convenience or the interest of justice makes a transfer appropriate") (internal quotation marks omitted).

Again, the Court does not dismiss this action, but instead—in accordance with the

---

[8] Specifically: Morgan is a resident of Lucas County; Shearer-Luke is a resident of Wayne County; Colvin is a resident of Columbiana County; Lee is a resident of Montgomery County; McKinney is a resident of Montgomery County; Thomas is a resident of Summit County; Monda is a resident of Summit County; and, DeVault is a resident of Portage County. (Doc. 10 at ¶¶ 11-18.)

procedure set forth below—orders that each of the Plaintiffs proceed in her own separate action.[9] The Court implements the procedure below in an effort to avoid adversely affecting the viability of any claim of any plaintiff due to the finding of misjoinder, while also providing for judicial efficiency, clarity, and fundamental fairness in an attempt to avoid future delays.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Renewed Motion to Sever Plaintiffs' Claims or, in the Alternative, to Try Plaintiffs' Claims Separately (Doc. 16). To implement severance, the Court **DIRECTS** the Clerk of the Court and the parties to follow this procedure:

1. The claims of plaintiffs Lee, McKinney, Colvin, Thomas, DeVault, Morgan, and Shearer-Luke (i.e., all plaintiffs except for Monda) are dismissed without prejudice;

2. On or before January 31, 2020, Monda may file a Second Amended Complaint in this action if she chooses to continuing pursuing her claims;

3. On or before January 31, 2020, each of the other seven plaintiffs besides Monda may file a separate complaint to initiate her own individual action (the Clerk being directed to waive filing fees for such actions and to assign such actions to the undersigned, and counsel for those other seven plaintiffs being directed to contact the Clerk when filing those individual actions in order to facilitate the waiver of filing fees);

4. On or before January 31, 2020, each of the Plaintiffs (through written filing(s),

---

[9] The Court highlights for Plaintiffs that failure (by Monda) to timely file a Second Amended Complaint in this action or (by the other seven plaintiffs) to timely file her own separate complaint in a new action could result in her claims being barred.

which may be made jointly) must either show cause why venue remains proper in this judicial district for her claims or identify which judicial district would be the proper venue to which this Court should transfer her claims;

5. On or before February 14, 2020, Walmart may (if it so chooses) make a written filing concerning—as to each plaintiff's separate action—why venue remains, or does not remain, proper in this judicial district and indicate if the parties have consented to transfer the action to another district or division;

6. On February 1, 2020, each of the Plaintiffs besides Monda will be dropped as a party in this action; and

7. On February 1, 2020, the Court's October 17, 2019 Order temporarily staying discovery in this matter (Doc. 23) will be terminated, thus lifting the stay on discovery in this action with respect to Monda and Walmart (subject to any applicable rules or statutes).

In light of this ruling and procedure, the Court does not address, and instead **DENIES WITHOUT PREJUDICE**, Defendant's Partial Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 14). If it so chooses, Walmart may file an appropriate motion, in one or more of the separate actions stemming from this Order, that may raise one or more of the arguments from the Motion to Dismiss.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, December 20, 2019.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
